DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2019-75 |
| | ) | |
| CENTENO A. HANSEL-ANDRES and | ) | |
| CRISTIAN VALENCIA-MENDOZA, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 2020-3 |
| | ) | |
| v. | ) | |
| | ) | |
| CRISTIAN VALENCIA MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2020-4 |
| | ) | |
| HANSEL ANDRES CENTENO ARRIOLA, | ) | |
| | ) | |
| Defendant. | ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Donna Rainwater, AUSA**
**Adam Francis Sleeper, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

*United States v. Hansel-Andres et al.*
Criminal No. 2019-75
*United States v. Mendoza*
Criminal No. 2020-3
*United States v. Centeno Arriola*
Criminal No. 2020-4
Order
Page 2

**Michael L. Sheesley**
MLSPC
St. Thomas, U.S.V.I.
    *For Cristian Valencia Mendoza,*

**Richard Coughlin, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Hansel Andres Centeno Arriola.*

## ORDER

**GÓMEZ, J.**

On October 18, 2019, the United States Coast Guard (the "Coast Guard") boarded a vessel with Hansel Andres Centeno Arriola ("Arriola") and Cristian Valencia Mendoza ("Mendoza") on board. After allegedly discovering a large cargo of marijuana, the Coast Guard arrested Arriola and Mendoza.

Sometime thereafter, Arriola and Mendoza were each separately interviewed by Drug Enforcement Agency ("DEA") Group Supervisor Richard Cernuda ("Cernuda") and Task Force Officer Shawn Querrard ("Querrard"). Arriola and Mendoza each gave incriminating statements that included references to one another.

On November 21, 2019, the Grand Jury returned a two count Indictment in Criminal Case Number 3:19-cr-75 (the "Original Indictment") against Arriola and Mendoza. Count One charges both

*United States v. Hansel-Andres et al.*
Criminal No. 2019-75
*United States v. Mendoza*
Criminal No. 2020-3
*United States v. Centeno Arriola*
Criminal No. 2020-4
Order
Page 3

Arriola and Mendoza with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), 70506(a), and 70506(b). Count Two charges both Arriola and Mendoza, while aiding and abetting each other, with possession with intent to distribute more than 100 kilograms of marijuana while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), 70506(a), and 18 U.S.C. § 2.

On December 4, 2019, Arriola and Mendoza were each arraigned on the Original Indictment. On that date, a jury trial was set to commence on January 21, 2020. Twelve days before that trial was set to begin, the United States decided to charge Arriola and Mendoza separately. The Court understands that the United States position was informed by the government's concern over *Bruton* issues with the statements taken from both Arriola and Mendoza.

On January 9, 2020, the Grand Jury returned a two count Indictment in Criminal Case Number 3:20-cr-3 (the "Second Valencia Mendoza Indictment") against Mendoza. On the same date,

*United States v. Hansel-Andres et al.*
Criminal No. 2019-75
*United States v. Mendoza*
Criminal No. 2020-3
*United States v. Centeno Arriola*
Criminal No. 2020-4
Order
Page 4

the Grand Jury returned a two count Indictment in Criminal Case Number 3:20-cr-4 (the "Second Centeno Arriola Indictment") against Arriola. Those indictments each charge Arriola and Mendoza with counts identical to the counts charged in the Original Indictment.

On January 14, 2020, the Court held a status conference to discuss the various indictments filed in this matter. At that conference, the Court suggested proceeding with a consolidated trial with two juries, one for each defendant, to avoid any *Bruton* issues. The Court also requested copies of each defendant's statement from the United States. The United States provided the Court with the statements later that day.

On January 15, 2020, the Court held another status conference to inquire as to the most efficient way to proceed in this matter while avoiding any *Bruton* issues. The Court suggested two options: (1) conducting a consolidated trial with two separate juries, one for each defendant, or (2) conducting a single trial with one jury in which the statements[1] of Arriola and Mendoza would be presented in a manner to avoid any *Bruton*

---

[1] According to the United States, the statements were given verbally to Cernuda and Querrard. As such, the United States plans to elicit the statements at trial through the testimony of Cernuda.

*United States v. Hansel-Andres et al.*
Criminal No. 2019-75
*United States v. Mendoza*
Criminal No. 2020-3
*United States v. Centeno Arriola*
Criminal No. 2020-4
Order
Page 5

issues. During that conference, Arriola and Mendoza indicated that they each had no objections to the Court proceeding in either manner as long the testimony and argument given by the United States avoided any *Bruton* issues. The United States remained unsure whether the *Bruton* issues with the statements are curable in this case. As such, the Court ordered the United States to file a brief addressing (1) whether and what redactions could be made to the statements to avoid any *Bruton* issues or (2) whether the *Bruton* issues are incurable. In its responsive brief, the United States maintained the position that the *Bruton* issues with the statement are incurable.[2]

On January 16, 2020, the Court held another status conference with the parties to continue the discussion regarding

---

[2] In its brief, the United States stated that it "objects to the manner in which the Court is proceeding—that is, a *sua sponte* consolidation followed by an order requiring the Government to argue *for* potential *Bruton* issues." *See* Amended Government's Brief at 3, ECF No. 23. The Court did not direct the United States to argue "for *Bruton* issues." The United States misstates the record. The Court asked the United States to brief one of two options:
> THE COURT: The Government has indicated that it would appreciate an opportunity to consider this matter further, and the Court indicated the Government can file a brief no later than 1:30 today indicating whether there are other additions, deletions that need to be undertaken if the Court were to proceed with one jury, or whether the matter is incapable of cure by redaction or substitution of pronouns, and removing certain verbs and sentences.

*See* Status Conference Tr., January 15, 2020. Moreover, the Court asked if the United States agreed with the Court's understanding of what was discussed. The United States agreed.

*United States v. Hansel-Andres et al.*
Criminal No. 2019-75
*United States v. Mendoza*
Criminal No. 2020-3
*United States v. Centeno Arriola*
Criminal No. 2020-4
Order
Page 6

the most efficient way to proceed in this matter. At that conference, the Court suggested certain redactions to each statement. Arriola and Mendoza each indicated that they had no objections to the Court's suggested redactions as long as the testimony elicited by the United States remained within the bounds of such redactions. The United States maintained its position that the Court should proceed with two separate juries. Nevertheless, if the Court were to proceed with a single jury, the United States agreed that no further redactions beyond those proposed by the Court were necessary. The United States also represented that it could and would adequately prepare its witnesses to avoid any potential *Bruton* issues.

Finally, each Defendant, as they had at the January 15, 2020, status conference, indicated on the record that they had no *Bruton*-related objections to the Government's presentation of

---

> THE COURT: Attorney Rainwater, did the Court state your understanding of what transpired before we went on record?
> MS. RAINWATER: Correct . .
> THE COURT: . . . I'm just dealing with the issue of the *Bruton* issue.
> MS. RAINWATER: Okay. Yes.

*See* Status Conference Tr., January 15, 2020.

*United States v. Hansel-Andres et al.*
Criminal No. 2019-75
*United States v. Mendoza*
Criminal No. 2020-3
*United States v. Centeno Arriola*
Criminal No. 2020-4
Order
Page 7

the statements as suggested at the January 15, 2020, and January 16, 2020, status conferences.

The premised considered, it is hereby

**ORDERED** that, to the extent this matter proceeds to trial, as scheduled on January 21, 2020, the parties shall be prepared to proceed promptly at 9:00 a.m. on January 21, 2020, in either of the two manners outlined by the Court; that is, either with a separate jury for each defendant or with a single jury for both defendants.

S\_____
**Curtis V. Gómez
District Judge**